# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **IN RE: Deposition Subpoena** | ) | |
| **Served Upon: Tom Spivey** | ) | |
| | ) | Case No.: _____ |
| **Non-party Movant,** | ) | |
| **And** | ) | |
| | ) | |
| **McElroy Truck Lines, Inc.,** | ) | |
| | ) | |
| **Defendant-Movant** | ) | |

## Subpoena Arising From:

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## TEXARKANA DIVISION

| | | |
|---|---|---|
| **Samantha Edwards, Individually,** | ) | |
| **An as Special Administratrix of** | ) | |
| **the Estate of William Bobby Wray** | ) | |
| **Edwards, deceased, and Arleigh** | ) | |
| **Grayce Edwards, deceased and** | ) | |
| **as Parent and Next Friend for** | ) | |
| **Peyton Hale, a minor,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No. 4:19-CV-4018-SOH** |
| | ) | |
| **Eric James Cornell Thomas and** | ) | |
| **McElroy Truck Lines, Inc.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION TO QUASH SUBPOENA

COME NOW Non-Party Movant Tom Spivey and Defendant McElroy Truck Lines, Inc. ("McElroy"), (collectively "Movants") and move to Quash a Subpoena directed to Tom Spivey to testify at a second deposition ("Subpoena"). As grounds and support for this Motion to Quash Subpoena Movants state as follows:

1. This is a negligence case arising from a motor vehicle collision that occurred in Howard County, Arkansas, on August 2, 2018. On February 11, 2019, Plaintiff filed a Complaint in the United States District Court for the Western District of Arkansas, Texarkana Division, Case No. 4:19-CV-4018-SOH, alleging that Defendant Eric James Cornell Thomas, while working in the scope of his employment with Defendant McElroy, failed to stop at a stop sign which caused his 2016 International tractor and trailer to collide with a vehicle operated by Mr. William Bobby Wray Edwards. As a result of the collision, Mr. Edwards and his unrestrained daughter, Arleigh Edwards, were killed, and Edwards's step-son, Peyton Hale, suffered personal injuries.

2. Movant Spivey is McElroy's Director of Safety and Training. Pursuant to Plaintiff's Fourth Amended Notice Duces Tecum of Deposition of 30(b)(6) Representatives, on May 17, 2021 Tom Spivey was submitted as a representative of

Defendant McElroy to respond to an extensive set of topics identified therein. He was deposed for **6 hours and 40 minutes**.

3. The Subpoena that is the subject of this Motion to Quash is a Notice of Deposition and Subpoena directed to Movant Spivey to give another deposition in Cuba, Alabama on September 15, 2021. A copy of the Notice of Deposition is attached and incorporated herein as Exhibit A. A copy of the Subpoena is attached and incorporated herein as Exhibit B. A copy of Plaintiff's Fourth Amended Notice Duces Tecum of Deposition of 30(b)(6) Representatives is attached and incorporated herein as Exhibit C (Doc 105 in underlying action).

4. The identified subject matter of the first deposition consisted of thirty-three enumerated topics including McElroy's driver training, driver monitoring, safety policies and procedures, safety department, safety manual, defendant Thomas's training and supervision, SmartDrive technology utilized by McElroy, and many other issues.

5. At the May 17, 2021, deposition, Plaintiff questioned Spivey regarding McElroy's policies as well as Mr. Spivey's role in (and beliefs about) safety, training, and monitoring drivers at McElroy. As was clear from his testimony, Mr. Spivey had no personal role in the accident, has never been to the accident scene, and lacks material knowledge of this matter outside of his knowledge as McElroy's Director of Safety and Training.

6. Pursuant to Fed. R. Civ. P. 26, counsel for Defendant McElroy attempted to confer with counsel for Plaintiff by telephone on August 18, 2021, to attempt in good faith to resolve this dispute. However, Plaintiff's counsel was unwilling to provide a justification for such a second deposition and, in fact, refused to even disclose what *possible* additional topics might need to be addressed in another deposition of Mr. Spivey, stating "I don't have to tell you." As a result, the parties were unable to reach an accord. Subsequent efforts have also proven unsuccessful.

7. Fed. R. Civ. P. Rule 30(a)(2)(A)(i) mandates that "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2)" where "**the deponent** has already been deposed in the case." Plaintiff has not sought leave of Court to depose Mr. Spivey a second time.

8. Pursuant to Fed. R. Civ. P. 26(b)(2)(C), a court must limit the frequency or extent of discovery if it determines that the discovery is unreasonably cumulative or duplicative or if it determines that the party had an opportunity to obtain the information earlier in the action. Given the limitations of Mr. Spivey's knowledge as reflected in his prior testimony, Plaintiff has had adequate time an opportunity to obtain any information he has relevant to the issues that remain in dispute in the underlying case. Moreover, Plaintiff's counsel made no representation at the first

deposition that the response were inadequate, incomplete or that there was any subject that she was unable to cover with Mr. Spivey at the time.

9. This is a case in which Defendants long ago admitted both negligence of defendant Thomas as well as vicarious liability on the part of defendant McElroy. Notwithstanding those admissions, Plaintiff has already deposed Mr. Spivey for nearly 7 hours. And now Plaintiff wants to do it again.

10. Although Plaintiff could have restricted her questions in the first deposition to the 33 topics denoted in her Rule 30(b)(6) Notice of Deposition, she made the conscious decision not to do so. Instead, in addition to questioning him about the 33 designated topics, Plaintiff ventured far afield into myriad other topics that fell far outside the scope of the Rule 30(b)(6) notice. She did so despite unsuccessful objections from defense counsel stating "…we are permitted to go into other topics. They simply don't bind the company..." (5/17/21 depo. p 33)   Plaintiff made the conscious choice of how to utilize nearly 7 hours with the deponent, Mr. Spivey. For that reason and because Mr. Spivey has important safety obligations to fulfill at his company that will be disrupted if he has to prepare for and be subjected to another deposition, Plaintiff should be barred from moving forward with the second deposition of the deponent.

11. Even if an additional deposition were warranted, the timing and location of the proposed deposition are not.  As has been explained to Plaintiff's

counsel, Mr. Spivey is required to be out of his office most of the week (including the date that plaintiff unilaterally selected). On top of that, his office is currently short-handed due to recent resignation of one of Mr. Spivey's top assistants and the long-scheduled vacation of two other assistants. Holding a deposition this week will work an intense hardship both on Mr. Spivey and Defendant McElroy, his employer.

12. Being unsuccessful in attempts to resolve the dispute with Plaintiff's counsel about the second deposition of Mr. Spivey, on September 3, 2021, Defendant McElroy filed "Defendants' Motion to Quash Subpoena and Notice of Second Deposition of Tom Spivey and Request for Protective Order" in the underlying Arkansas action. (Doc. 138) Plaintiff filed a response on September 9, 2021 (Doc. 143) asserting that said Motion should be denied on two grounds: first, because the Northern District of Alabama has not had an opportunity to consider and rule on the Motion to Quash pursuant to Fed. R. Civ. P. 45(f); and second, because "Plaintiff has not deposed Tom Spivey" but rather simply questioned McElroy via Mr. Spivey[1]. Thus, this Motion.

13. For the reasons set forth herein and in the brief being filed simultaneously herewith, the Court should quash the Subpoena pursuant to Fed. R. Civ. Pro. 45(d)(3), forbidding the second deposition of Mr. Spivey to protect

---

[1] Plaintiff's theory seems to be that, because Mr. Spivey was produced to testify about safety on the *company's* behalf, Plaintiff may now require him to testify about safety on his own, personal behalf. That is not a distinction embodied in Fed. R. Civ. P. Rule 30(a)(2)(A)(i)

6

Defendants and Mr. Spivey from the annoyance, distraction, undue burden, and expense that will come with subjecting Mr. Spivey to a second deposition.

WHEREFORE, Non-Party Movant Spivey and Defendant McElroy Truck Lines, Inc., pray the Court quash Plaintiff's Subpoena directed to Mr. Tom Spivey, and for all other relief to which they may be entitled.

          Respectfully submitted,

          *Non-Party Movant Tom Spivey and*
          *Defendant, McElroy Truck Lines, Inc.*
          By their attorneys,

          */s/ J. Allen Sydnor, Jr.*
          J. Allen Sydnor, Jr.     (SYD002)

**OF COUNSEL:**
HUIE, FERNAMBUCQ & STEWART, LLP
3291 US Highway 280, Suite 200
Birmingham, AL  35243
Telephone (205) 251-1193
Facsimile (205) 251-1256
Email:  asydnor@huielaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon the following via email on this the 13th day of September 2021.

Denise Reid Hoggard
Jeremy McNabb
Robert Beard
Attorneys for Plaintiff
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
801 Technology Drive
Little Rock, AR 72222
Telephone: (501) 868-2500
Facsimile: (501) 868-2505
hoggard@rainfirm.com
mcnabb@rainfirm.com
beard@rainfirm.com

Gregory T. Jones
Wright, Lindsey & Jennings, LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201
gjones@wlj.com

Todd Wooten
Dover Dixon Horne PLLC
425 W. Capitol Avenue, Suite 3700
Little Rock, Arkansas 72201
twooten@ddh.law

*J. Allen Sydnor, Jr.*